USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/6/14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

DOMENICO DE SOLE, et al., :

              Plaintiffs, : 12 Civ. 2313 (PGG)(HBP)

   -against- :

KNOEDLER GALLERY, LLC, d/b/a :
"Knoedler & Company," et al.,
               :

              Defendants.
               :
------------------------------------X

JOHN D. HOWARD, individually :
and as assignee of Jaime
Frankfurt, LLC, : 12 Civ. 5263 (PGG)(HBP)

              Plaintiff, :

   -against- : ORDER

GLAFIRA ROSALES, et al., :

              Defendants. :
------------------------------------X

       PITMAN, United States Magistrate Judge:

       I write to resolve an issue that was left open at the discovery conference held in this matter on May 23, 2014.

       By letter dated April 10, 2014, counsel for plaintiffs seek to remove the "confidential" designations made by defendants with respect to the reports of their five testifying experts -- Mary Bustin, Dr. Nicholas Eastaugh, Alex Rosenberg, Dr. Joseph

Swider, and Robert Wittman. Defendants object to the application because removal of the "confidential" designation will permit plaintiffs here to disclose the reports to counsel in the related cases that have been filed against defendants that also arise out of defendants' sales of allegedly forged abstract expressionist paintings. Defendants contend that disclosure at this stage will provide the plaintiffs in the related cases with an unfair head start with respect to expert discovery because the plaintiffs in the related cases will have access to defendants' expert opinions long before the time they would have had access to them in the absence of these actions. Defendants make no claim that the reports contain trade secrets, confidential financial information, information of a personal or intimate nature regarding an individual or similar sensitive, non-public information.

      Three of the reports -- the reports of Mary Bustin, Dr. Nicholas Eastaugh and Dr. Joseph R. Swider -- deal only with the issue of whether plaintiff's expert had an adequate basis for opining that the paintings in issue here are forgeries. Because the party that sold the paintings to Knoedler has admitted in a sworn guilty plea allocution that the paintings in issue here are forgeries and, in doing so, has exposed herself to the possibility of decades of imprisonment, see United States v. Glafira Rosales, 13 Cr. 518 (KPF), Docket Item 23 (guilty plea tran-

script), there can be no serious question that the paintings in issue are forgeries, and it is unfathomable that the issue of authenticity will remain in the case or that defendants will continue to assert that plaintiffs' expert erred in concluding that the paintings are forgeries.  Thus, disclosure of these reports will not prejudice defendants because the reports relate to an issue which is, for all practical purposes, dead.

The remaining reports -- those of Alex Rosenberg and Robert Wittman -- address the issue of whether Knoedler and its agents took appropriate steps to ensure that the paintings it was purchasing and offering for resale were, in fact, genuine.

Defendants arguments are not persuasive.  First, several of the attorneys in these actions also represent plaintiffs in the related cases.  Thus, at least some of the attorneys in the related cases already have the advance knowledge of the reports that defendants claim constitutes prejudice.

Second, because the related cases are on a substantially different timetable than these two cases, the contents of defendants' expert reports will almost certainly be a matter of public record before expert disclosures are due in the related cases.  The related cases have been stayed for a period of time and discovery in those cases is far from complete.  Discovery is complete in these two cases, and dispositive motions are due on

3

June 30, 2014. It is highly likely that these two cases, if not settled or resolved by motion, will proceed to trial before the related cases. Thus, the opinions of defendants' experts will probably be in the public record well in advance of the completion of discovery in the related cases, and counsel for plaintiffs in the related cases will almost certainly have the advance knowledge that underlies defendants' claim of prejudice.

Finally, defendants' claim of prejudice does not appear to be substantial. The issue in the current dispute is not whether plaintiffs in the related cases will have access to defendants' experts' opinions; rather, the only issue is <u>when</u> they will have access. Cf. <u>AT&T Corp. v. Sprint Corp.</u>, 407 F.3d 560, 562 (2d Cir. 2005) (affirming denial of motion to intervene where purpose of application was to evade discovery cut-off date in parallel action); <u>In re Ethylene Propylene Diene Monomer Antitrust Litig.</u>, 255 F.R.D. 308, 325 (D. Conn. 2009) (denying, in part, application to modify a protective order to prevent intervenor from obtaining discovery to which it would not be entitled in parallel action in Canada). Although striking the designations of confidentiality will result in the plaintiffs in the related cases learning of defendants' experts' opinions before they otherwise would, the issue on which the experts are opining -- the steps a prudent art dealer or purchaser would take

4

to insure the genuineness of an abstract expressionist painting -- does not appear so subtle that accelerating the disclosure of the opinions will provide the plaintiffs in the related cases with a material advantage.

Accordingly, for all the foregoing reasons, plaintiffs' motion to strike the confidential designations of the expert reports of Mary Bustin, Dr. Nicholas Eastaugh, Alex Rosenberg, Dr. Joseph Swider and Robert Wittman is granted.

Dated:  New York, New York
        June 6, 2014

                                        SO ORDERED

                                        _____
                                        HENRY PITMAN
                                        United States Magistrate Judge

Copies transmitted to:

Gregory A. Clarick, Esq.
Emily Reisbaum, Esq.
Isaac B. Zaur, Esq.
Clarick Gueron Reisbaum LLP
40 West 25th Street
New York, New York  10010

Aaron H. Crowell, Esq.
Paul, Weiss, Rifkind,
    Wharton & Garrison LLP
1285 Avenue of the Americas
New York, New York  10019

John R. Cahill, Esq.
Ronald W. Adelman, Esq.
Paul Cossu, Esq.
Lynn & Cahill, LLP
58 West 40th Street
New York, New York  10018

Nicholas A. Gravante, Jr., Esq.
Boies, Schiller & Flexner, LLP
575 Lexington Avenue
New York, New York  10022

Luke W. Nikas, Esq.
Boies, Schiller & Flexner LLP
4th Floor
10 North Pearl Street
Albany, New York  12207

Anastasios Sarikas, Esq.
Office of Anastasios Sarikas
23-09 31st Street
Astoria, New York  11105

Charles D. Schmerler, Esq.
India DeCarmine, Esq.
Mark A. Robertson, Esq.
Norton Rose Fulbright
666 Fifth Avenue
New York, New York  10103

Silvia L. Serpe, Esq.
Paul W. Ryan, Esq.
Serpe Ryan LLC
11th Floor
1115 Broadway
New York, New York  10010

Steven R. Schindler, Esq.
Schindler Cohen & Hochman LLP
15th Floor
100 Wall Street
New York, New York  10005

Perry M. Amsellem, Esq.
Pryor Cashman LLP
7 Times Square
New York, New York  10036